UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SITTHISAK V. CHANSAMONE,

                    Plaintiff,

              v.

NRG NORTHEAST AFF SERVICE INC. and

IBEW LOCAL 97,

                    Defendants.

**DECISION AND ORDER**
10-CV-147A

---

## INTRODUCTION

*Pro se* plaintiff Sitthisak V. Chansamone commenced this case against defendants NRG Northeast AFF Service Inc. ("NRG") and the International Brotherhood of Electrical Workers, Local 97 ("IBEW"), alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17. On May 3, 2010, IBEW filed a motion to dismiss plaintiff's complaint as against it. IBEW's basis for dismissal is that plaintiff did not name it as a respondent in his verified complaint to the New York State Division of Human Rights ("NYSDHR"), meaning that he never exhausted his administrative remedies within the necessary time periods. The Court held oral argument on June 21, 2010. The issue here is whether NYSDHR's decision to add IBEW as a respondent on its own initiative excuses plaintiff's failure to name IBEW in his

NYSDHR verified complaint. For the reasons below, the Court will deny IBEW's motion.

## BACKGROUND

This case concerns allegations that defendants ignored plaintiff's union job bidding for racially discriminatory reasons. According to the complaint, plaintiff began working for NRG on January 31, 2006 as a temporary employee. By July 2006, plaintiff had the highest or second-highest bid for certain permanent positions that opened. Nonetheless, NRG passed over plaintiff and filled those positions with non-minority employees who had lower ranking bids. Additionally, and again according to the complaint, plaintiff placed bids for 20 jobs in a span of 15 months but never received an interview. When plaintiff asked his union steward why NRG kept passing him over, the steward responded that NRG was discriminating against him because he was Asian. Plaintiff accuses both defendants of racially motivated inconsistency in the management of the job seniority and bidding process. Plaintiff also accuses both defendants of creating a hostile work environment that included the use of racial slurs and that culminated in his constructive discharge on June 29, 2007.

On October 24, 2007, plaintiff filed a verified complaint with NYSDHR that named only NRG. In that verified complaint, plaintiff accused NRG of violations of both Title VII and the New York State Human Rights Law, N.Y. Executive Law

§§ 290–301. Sometime after the filing of the verified complaint—the information currently available in the docket of this case does not clarify when—NYSDHR added to IBEW as a respondent on its own initiative. IBEW objected to its inclusion in the NYSDHR proceedings, and NYSDHR scheduled a hearing for January 15, 2010 to address the issue. The issue was not addressed, because at the hearing, plaintiff submitted a written statement requesting dismissal of the NYSDHR proceedings to allow him to pursue his allegations in federal court. IBEW did not object to that dismissal. On January 29, 2010, NYSDHR issued an order dismissing its proceedings for administrative convenience pursuant to N.Y. Executive Law § 297.3(c). The order listed both NRG and IBEW in the caption. The Equal Employment Opportunity Commission ("EEOC"), which had opened a file for plaintiff's case in the meanwhile, issued a right-to-sue letter on February 9, 2010. The right-to-sue letter mentioned only NRG and not IBEW.

Plaintiff commenced this case before this Court on February 23, 2010, accusing both defendants of failure to employ or promote, harassment, and retaliation, all on the basis of race, color, and national origin. In support of its motion to dismiss, IBEW asserts that it cannot be a defendant here because plaintiff did not name it as a respondent before NYSDHR. In response, plaintiff states that IBEW was mentioned throughout his NYSDHR verified complaint, and that the procedural prerequisites to Title VII claims do not apply to claims under 42 U.S.C. § 1983. In reply, IBEW asserts that plaintiff's argument about Section

1983 "might or might not be true," but that plaintiff has not brought this case under Section 1983.

## DISCUSSION

### *Inclusion of IBEW by NYSDHR*

Complaints about employer conduct prohibited by Title VII must be filed within 180 days if brought to the EEOC, or 300 days if brought first to NYSDHR. *See* 42 U.S.C. § 2000e-5(e)(1) (requiring that charges of Title VII unlawful employment practices be filed with the EEOC within 180 days, or 300 days if first brought to an analogous state agency); *id.* § 12117 (incorporating the same deadline into the ADA); *Yoonessi v. State Univ. of N.Y.*, 862 F. Supp. 1005, 1013 (W.D.N.Y. 1994) (Arcara, *J.*) ("In a state such as New York with a state anti-discrimination agency, the complainant has 300 days to file a complaint with the EEOC or NYSDHR. Absent a legitimate waiver, estoppel, or equitable tolling, failure to file an agency charge within the applicable time period precludes a plaintiff from bringing a Title VII suit in federal court.") (citations omitted). Here, plaintiff filed his verified complaint with NYSDHR on October 24, 2007, only 117 days after his alleged date of constructive discharge. The verified complaint thus was timely. Plaintiff did not name IBEW in that verified complaint, but NYSDHR added it at some point during the proceedings. The real issue, therefore, is whether NYSDHR had authority to add IBEW to the proceedings sometime after the filing of a verified complaint that did not name it.

4

"After the filing of any complaint, [NYSDHR] shall promptly serve a copy thereof upon the respondent *and all persons it deems to be necessary parties*, and make prompt investigation in connection therewith." N.Y. Exec. Law § 297(2)(a) (emphasis added); *see also Ambrosio v. State Div. of Human Rights*, 535 N.Y.S.2d 381, 383 (N.Y. App. Div. 1988) ("Nor is there merit to the petitioner's contention that since the [union local over which he presided] was not joined as a necessary party within one year of the alleged discriminatory practice, the proceeding against it was barred by the Statute of Limitations contained in Executive Law § 297(5) . . . . Rather, Executive Law § 297(2) imposes a duty upon the SDHR to 'promptly' serve the respondent and any necessary party with a copy of the complaint. Therefore, the SDHR was only required to serve the petitioner 'promptly.'") Here, NYSDHR determined that IBEW was a necessary party and brought it into the proceedings accordingly. NYSDHR had explicit statutory authority to do so. IBEW was fully aware of the proceedings and, in fact, requested and attended the January 15, 2010 hearing. IBEW has claimed no prejudice beyond its inclusion, in itself, in proceedings related to plaintiff's allegations. Plaintiff's omission of IBEW from his verified complaint to NYSDHR thus is irrelevant. If IBEW wants to challenge NYSDHR's decision to name it as a necessary party then it bears the burden of assembling that argument and finding the right forum for it. *Cf. Greene v. State of N.Y.*, No. 95 Civ. 6580, 1998 WL 264838, at *9 (S.D.N.Y. May 22, 1998) ("[W]here Plaintiff has joined parties

based on the State DHR's determination that they are 'necessary parties,' the burden will not be placed on a *pro se* plaintiff to establish otherwise. They will remain parties until [defendant] establishes that they are not necessary parties, and that Plaintiff will not be disadvantaged by having them dismissed from this action."). For now, plaintiff's reliance on NYSDHR's decision to include IBEW in its proceedings suffices to defeat the pending motion.

### *Statutory Basis for Plaintiff's Claims*

In the form that plaintiff used to prepare his complaint, he checked off a box on the first page indicating that he was bringing claims under Title VII. Based on the jurisdictional notice at the bottom of that page, and plaintiff's comments in his response papers about Section 1983, the Court is not certain whether plaintiff intends to assert violations of statutes other than Title VII. Upon referral of this case to a magistrate judge, the magistrate judge and the parties are free to address as they see fit the need, if any, for an amended complaint.

### CONCLUSION

For all of the foregoing reasons, the Court denies IBEW's motion. IBEW shall answer the complaint within 20 days of entry of this Order.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: July 1, 2010